UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| Vondell Sanders, | ) | C/A No. 4:13-1302-TMC-TER |
| | ) | |
| Petitioner, | ) | |
| vs | ) | **REPORT AND RECOMMENDATION** |
| | ) | |
| Warden, Trenton Correctional Institution, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

Petitioner, Vondell Sanders, (Petitioner/Sanders) is an inmate in the custody of the South Carolina Department of Corrections (SCDC) currently housed at the Wateree Correctional Institution. Petitioner, appearing pro se, filed his petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 on May 15, 2013. On August 9, 2013, Petitioner filed an amended petition. On September 27, 2013, Respondent filed a return and motion for summary judgment, as well as a separate motion to dismiss without prejudice, based on Petitioner's failure to exhaust his administrative remedies. As the Petitioner is proceeding pro se, the undersigned issued an order pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), advising Petitioner that he had thirty-four (34) days to file any material in opposition to the Respondent's motions. Thereafter, Petitioner filed a response in opposition on October 29, 2013. This matter is now before the court for disposition.[1]

---

[1] This habeas corpus case was automatically referred to the undersigned United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Rule 73.02, DSC. Because this is a dispositive motion, this report and recommendation is entered for review by the district judge.

## I. PROCEDURAL HISTORY

The procedural history as set out by the Respondent has not been seriously disputed by the Petitioner. Therefore, the undisputed procedural history as stated by the Respondent is set forth herein, quoted verbatim, in part.

Petitioner is currently incarcerated in the Wateree Correctional Institution pursuant to an order of commitment from the Clerk of Court of Orangeburg County.[2] An Orangeburg County grand jury indicted Petitioner in December 2003 for possession with intent to distribute crack cocaine; possession with intent to distribute crack cocaine within proximity of a school or park; possession with intent to distribute marijuana; and, possession with intent to distribute marijuana within proximity of a school or park. Sam Kramer, Esq., of the Public Defender's Office represented Petitioner on the charges, along with Assistant Public Defender Peggy Hinds, who was second chair. A jury trial was held April 20-22, 2004, before the Honorable John L. Breeden, Jr. The jury acquitted Petitioner of the marijuana charges, but convicted on possession with intent to distribute crack cocaine and the concomitant proximity charge. (Attachment 1, PCR App. pp. 482-483). The judge sentenced Petitioner to nineteen (19) years imprisonment on the possession with intent to distribute conviction, and fifteen (15) years, concurrent, on the proximity charge. (Attachment 1, PCR app. p. 494). Petitioner appealed.

Assistant Appellate Defender Eleanor Duffy Cleary of the South Carolina Office of Appellate Defense represented Petitioner on appeal. On July 14, 2005, appellate counsel filed a Final

---

[2] Respondent notes that Petitioner is also incarcerated as a result of a May 24, 2007, guilty plea to crimes in Dorchester County (possession of cocaine base; possession of heroin, and possession of contraband), having received an aggregate sentence of ten (10) years. The Dorchester County plea is separate and not contested in this action.

*Anders* Brief of Appellant in the South Carolina Court of Appeals, and raised the following issue:

> Did the trial court err by failing to charge the jury that appellant's confession could not be considered by the jury unless it found beyond reasonable doubt that the statement was given freely and voluntarily under the totality of the circumstances?

(Attachment 1, PCR App. p. 552).

Appellate counsel also submitted a petition to be relieved of appointment as "in her opinion, the appeal [was] without legal merit sufficient to warrant a new trial." (Attachment 1, PCR App. p. 557). On March 22, 2006, the South Carolina Court of Appeals dismissed the appeal and granted appellate counsel's petition to be relieved. Petitioner did not seek rehearing or appeal to the Supreme Court of South Carolina. The Court of Appeals issued the remittitur on April 7, 2006. On May 22, 2006, Petitioner filed an application for post-conviction relief ("PCR"). The State made its return to the application on February 16, 2007. (Attachment 1, PCR App. pp. 569-575). Mathias Chaplin, Esq., represented Petitioner in the action. An evidentiary hearing was held September 7, 2010, before the Honorable Diane S. Goodstein. At the start of the hearing, PCR counsel stated the issues to be presented as follows:

> … the issues, Your Honor, that we'd like to go forward with would be an issue regarding a lesser included charge to the jury, a hearsay concern, and a juror issue. In all of these, we're representing that this suggests ineffective assistance of counsel.

(Attachment 1, PCR App. p. 580).

At the close of the hearing, the PCR judge left the record open to develop evidence on the juror issue, in particular, for a possible deposition of trial counsel, Mr. Kramer, who was at the time in military deployment. (Attachment 1, PCR App. p. 627). The hearing continued on September 21, 2011. (Attachment 1, PCR app. p. 631). On March 8, 2012, Judge Goodstein issued an Order of

Dismissal and denied relief. (Attachment 1, PCR app. pp. 682-699). Petitioner appealed.

Wanda H. Carter, Deputy Chief Appellate Defender of the South Carolina Commission on Indigent Defense, Division of Appellate Defense, represents Petitioner on appeal. Appellate counsel filed a petition for writ of certiorari in the Supreme Court of South Carolina on November 14, 2012, and presented the following question for the Court's consideration: "Trial counsels erred in failing to recognize that petitioner's jury verdicts were unconstitutional because the record reflected that one juror was missing at polling and one juror stated adamantly that she voted "not guilty" in the case. (Attachment 5, p. 2).

The State filed a return to the petition on January 31, 2013. (Attachment 6). It is uncontested by the parties that the PCR appeal is still pending in the Supreme Court of South Carolina.

## HABEAS ALLEGATIONS

Petitioner filed an amend petition[3] on August 9, 2013, raising four grounds as follows, quoted verbatim:

| | |
|---|---|
| Ground One: | Was counsel ineffective for failing to request a lessor included offense for PWID Crack Cocaine? |
| Ground Two: | Did counsel fail to object to hearsay testimony from the states |

---

[3] Respondent notes that Petitioner alleges in the amended petition that his PCR appeal was completed on March 4, 2013, and he has now exhausted all state remedies. Petitioner submitted a copy of an Order from the South Carolina Court of Appeals along with the amended petition in support of the assertion that his PCR appeal was completed on March 4, 2013. However, Respondent contends that the Order from the South Carolina Court of Appeals issued March 4, 2013, refers to the PCR appeal of his Dorchester County convictions and that Petitioner's PCR appeal regarding the Orangeburg County convictions at issue in this action is still pending. In his response to summary judgment, Petitioner admits that he had two appeal cases going on at the time he filed this petition for habeas corpus and that he realizes he filed it too early as he "got the two cases mixed up." (Doc. #25).

>witness regarding a confidential Informent Statement.

Ground Three:     Was trial counsel ineffective for failing to object to a Jury verdict being less than unanimous during Jury Polling.

Ground Four:     Did PCR Judge errored in failing to amend allegation based on witness testimony on defendant being "Not Guilty?

(Amended petition, doc. #16).

## III. ANALYSIS

Respondent argues that the petition should be dismissed without prejudice as Petitioner has failed to exhaust state remedies because Petitioner has a petition for writ of certiorari currently pending in the Supreme Court of South Carolina. In the response to the motion to dismiss, Petitioner states that, ". . . Petitioner will admit that he did file for this Habeas Corpus too soon and would respectfully ask the court to not dismiss this case, but to give the State Supreme Court an opportunity to make a ruling on it." (Doc. #25).

Title 28 U.S.C. § 2254(b) provides that, "[a]n application for writ of habeas corpus . . . shall not be granted unless it appears that the applicant has exhausted the remedies available in the courts of the State; or there is an absence of available State corrective process; or circumstances exist that render such process ineffective to protect the rights of the applicant." Therefore, Petitioner's federal remedy of a writ of habeas corpus under § 2254 can only be sought after he has exhausted all of his remedies in the courts of the State of South Carolina. *Picard v. Connor*, 404 U.S. 270, 92 S.Ct. 509, 30 L.Ed.2d 438 (1971); *Braden v. 30th Judicial Circuit Court*, 410 U.S. 484, 490–491, 93 S.Ct. 1123, 35 L.Ed.2d 443 (1973); *See, e.g., Patterson v. Leeke*, 556 F.2d 1168 (4th Cir. 1977); *Richardson v. Turner*, 716 F.2d 1059 (4th Cir. 1983).

Respondent represents in his motion, and Petitioner does not contest, that Petitioner currently

has an appeal pending in the South Carolina Supreme Court on which no decision has yet been rendered. No evidence has been presented to show an absence of available state process, and the undersigned does not find that the state process available is ineffective in protecting Petitioner's rights. Therefore, Petitioner has failed to exhaust his state court remedies, subjecting this case to dismissal. Accordingly, it is recommended that Respondent's motion to dismiss be granted and the petition dismissed without prejudice to allow Petitioner to fully exhaust his claims. See Rose, 455 U.S. at 515.[4]

## VII. CONCLUSION

For the reasons set forth above, it is recommended that Respondent's motion be granted and the federal Petition be dismissed, without prejudice, for failure of the Petitioner to exhaust his state court remedies.

s/Thomas E. Rogers, III  
Thomas E. Rogers, III  
United States Magistrate Judge

February 20, 2014  
Florence, South Carolina

**The parties are directed to the important notice on the following page.**

---

[4] Respondent notes that Petitioner still has three hundred and nineteen (319) days remaining on the one-year statute of limitations. Respondent asserts that Petitioner's direct appeal became final on April 6, 2006, when he failed to timely file a petition for rehearing after the opinion was issued on March 22, 2006. Petitioner filed his PCR action forty-six (46) days later on My 22, 2006, which tolled the time by the filing and continues to be tolled as his PCR appeal is still pending. Thus, Respondent argues that there is no prejudice to Petitioner to dismiss the action without prejudice at this time. (Doc. #19, p. 11-12).