IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| Vondell Sanders, | ) | |
| | ) | Civil Action No. 4:13-1302-TMC |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| Warden, Trenton Correctional Institution, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

The petitioner, an inmate proceeding pro se, seeks habeas corpus relief pursuant to 28 U.S.C. § 2254. The respondent has moved to dismiss the petition and for summary judgment. (ECF Nos. 20, 21.) In accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02, DSC, this matter was referred to a magistrate judge for pretrial handling. Before the court is the magistrate judge's Report and Recommendation ("Report"), recommending that the court dismiss the petition without prejudice to allow the petitioner to exhaust his state court remedies. (ECF No. 29.) The Report also advised the petitioner of his right to file objections, however, the petitioner has not objected and the time to do so has now run.

The Report has no presumptive weight and the responsibility to make a final determination remains with this court. *See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). In the absence of objections to the Report, this court is not required to provide an explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). Rather, "in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

After a thorough review of the record in this case, the court finds no clear error and, therefore, adopts the Report and incorporates it herein by reference. The respondent's motion to dismiss (ECF No. 21) is, therefore, granted.

In addition to his motion to dismiss, the respondent moves, in the alternative, for summary judgment on the state court record and the pleadings. (ECF No. 21.) Although the Report does not directly address this motion, because the court grants the respondent's motion to dismiss, it need not reach the merits of the motion for summary judgment. Accordingly, the respondent's motion for summary judgment (ECF No. 21) is moot and this matter is dismissed without prejudice.

In addition, a certificate of appealability will not issue to a prisoner seeking habeas relief absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A prisoner satisfies this standard by demonstrating that reasonable jurists would find both that his constitutional claims are debatable and that any dispositive procedural rulings by the district court are also debatable or wrong. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In this case, the court finds that the petitioner has failed to make a substantial showing of the denial of a constitutional right. Accordingly, the court declines to issue a certificate of appealability.

**IT IS SO ORDERED.**

s/Timothy M. Cain
United States District Judge

March 26, 2014
Anderson, South Carolina